# United States Bankruptcy Court
## for the District of Oregon

**Frank R. Alley, III, Judge**

Barbara D. Ivey, Judicial Assistant

Lee D. Brice, Law Clerk

151 West Seventh Ave., Suite 300
Post Office Box 1335
Eugene, Oregon 97440
(541) 465-6767
FAX: (541) 465-6898

May 6, 2005

Mr. Scott McCleery
P.O. Box 11230
Eugene, OR 97440

Mr. David Mills
115 W. 8th Ave. #280
Eugene, OR 97401

RE: Grassmueck v. Black, et al  04-6258-fra

Dear Counsel:

### Background

The Trustee filed this adversary proceeding on September 14, 2004, as amended on October 18,  seeking avoidance of a lien under Code § 544(a)(1) purportedly held by the Defendants against property of the Debtor, Advanced Rods, Inc.  The Trustee alleged that while a financing statement was filed with the Secretary of State's Office, the security interest had not attached under Oregon law because there was no security agreement by which the Debtor granted a security interest to Defendants.  Defendants denied the lack of a security agreement in their Answer.

On October 14, 2004, the Trustee filed a motion for summary judgment on the issue of whether the Defendants have a valid security interest in equipment and fixtures of the Debtor. At the hearing on December 7, 2004 on the Trustee's motion, Defendants' attorney argued that the motion was premature in that there had been insufficient time for discovery and that the original security agreement had not yet been found.  I denied the Trustee's motion for summary judgment without prejudice to later refiling, on the grounds that the facts were too poorly developed at that time.

On April 4, 2005, Trustee filed a second motion for summary judgment on the same grounds as the first motion and on additional grounds that the parties have since engaged in discovery and have been unable to locate a security agreement. An affidavit was filed by Trustee's attorney stating that discovery had failed to locate a security agreement and to which he attached documents filed in connection with the previous motion for summary judgment. Defendants have not timely responded to the motion.

Mr. McCleery and Mr. Mills
May 6, 2005
Page - 2

Discussion

Fed.R.Civ.P. 56(e), made applicable by Fed.R.Bankr.P. 7056, provides that the party against whom a motion for summary judgment is filed must respond to a properly supported motion by showing that there is a genuine issue for trial. Where there is no response, the court must enter summary judgment against the adverse party if appropriate. Local Rule 56.1(f), made applicable to bankruptcy proceedings in this district by GO 98-2.1.d, provides that a material fact set forth in a Concise Statement of Material Facts which is not controverted by the opposing party will be deemed admitted. The Concise Statement filed with the first motion for summary judgment, and made part of the second motion, stated that the Defendants' proof of claim was not supported by a copy of a security agreement. The Affidavit filed by Mr. McCleery stated that the parties have been unable to find a security agreement.

Based on the foregoing, I find that the Trustee has provided sufficient proof that no security agreement exists. An agreement executed by a property's owner granting a security interest is essential. ORS 79.0203. Absent a security agreement, or language in a financing statement granting a security interest, properly describing the collateral, and signed by the owner, no interest in collateral is created. Since Defendants do not have a valid security interest in the collateral, it follows that the financing statement did not create a lien and there is no transfer to avoid under § 544 or to recover for the Estate under § 550. As the Complaint seeks a judgment finding that the purported transfer is avoidable and should be invalidated, if follows that there is no relief that can be granted to Plaintiff under the Complaint.

Conclusion

The foregoing represents the court's findings of fact and conclusions of law, which will not be separately stated. An order will be entered denying the Trustee's motion for summary judgment on the grounds that the relief sought is unavailable. Trustee should either file an amended complaint or seek dismissal of the adversary proceeding.

Very truly yours,

FRANK R. ALLEY, III
Bankruptcy Judge